# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2022 06:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
Case 2:22-cv-05531-SVW-KS   Document 1-4   Filed 08/05/22   Page 2 of 20   Page ID #:21
22STCV18713

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ANDERSON MERCHANDISERS, LLC;
RETAIL EXECUTION WEST, LLC;
and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHELLE HUDSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: SUPERIOR COURT FOR THE STATE OF CALIFORNIA
*(El nombre y dirección de la corte es):*
COUNTY OF LOS ANGELES - CENTRAL JUDICIAL DISTRICT
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
22STCV18713

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin C. Boyle, Esq. (SBN 190533), LAW OFFICES OF KEVIN C. BOYLE, 24007 Ventura Boulevard, Suite 124,
Calabasas, CA 91302; Telephone: (818) 591-1755; Facsimile: (818) 860-4344; kboyle@kcboylelaw.com; jllevy.lawoffices@gmail.com

DATE: 06/07/2022
*(Fecha)*

Clerk, by *Sherri R. Carter Executive Officer / Clerk of Court*
*(Secretario)* H. Flores-Hernandez , Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Case 2:22-cv-05531-SVW-KS Document 1-4 Filed 08/05/22 Page 3 of 20 Page ID #:22

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2022 06:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Kevin C. Boyle, Esq. (SBN 190533)
LAW OFFICES OF KEVIN C. BOYLE
24007 Ventura Blvd, Suite 124
Calabasas, CA 91302
Telephone: (818) 591-1755
Facsimile: (818) 860-4344
Email: kboyle@kcboylelaw.com;
jllevy.lawoffices@gmail.com

Attorney for Plaintiff,
MICHELLE HUDSON

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| MICHELLE HUDSON,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDERSON MERCHANDISERS, LLC;<br>RETAIL EXECUTION WEST, LLC;<br>and DOES 1 through 100, Inclusive,<br><br>  Defendants. | CASE NO.: 22STCV18713<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. DISABILITY DISCRIMINATION [Government Code §§12940, *et seq.*]**<br><br>**2. FAILURE TO PROVIDE REASONABLE ACCOMMODATION [Government Code §12940(m)]**<br><br>**3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [Government Code §12940(n)]**<br><br>**4. FAILURE TO MAINTAIN A DISCRIMINATION FREE ENVIRONMENT [Government Code §12940(k)]**<br><br>**5. RETALIATION [Government Code §12940(h)]** |

## GENERAL ALLEGATIONS

1.  Plaintiff is informed and believes, and thereon alleges, that Defendants ANDERSON MERCHANDISERS, LLC; RETAIL EXECUTION WEST, LLC (collectively "ANDERSON"); and DOES 1 through 40, and each of them, were, at all times herein mentioned, corporations engaged, as a matter of commercial actuality, in purposeful economic activity, within the County of Los Angeles, State of California.

---

1

**COMPLAINT FOR DAMAGES**

2. Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 41 through 100, and each of them, were, at all times herein mentioned, residents of the State of California and were managers, officers, supervisors, managing agents, and/or employees of ANDERSON, and each of them, having the actual or apparent authority to participate in or recommend decisions affecting the Plaintiff's job benefits and employment status.

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct.

4. Plaintiff is informed and believes and thereon alleges, that at all times mentioned, each of the Defendants, including the fictitiously named Defendants, was the agent and employee of each of the remaining Defendants and in doing the things hereinafter alleged, was acting within the scope and course of such agency.

5. Plaintiff had been employed by Defendants ANDERSON as a Territory Sales Lead since 2017. Plaintiff has been subjected to discrimination by Defendants, as will be more fully described below.

6. During her tenure at ANDERSON, Plaintiff received accolades, commendations, and exemplary performance ratings. Plaintiff was recognized by management and by her co-employees for her professionalism, excellent job performance, competency, integrity, work ethic, and knowledge. Thus, Plaintiff had a significant period of wholly satisfactory, competent, and diligent performance to the profit of ANDERSON.

7. Plaintiff became a *"disabled"* individual as a result of work related injuries to her right arm and hand that occurred on or about March 18, 2021. Plaintiff's injuries have been diagnosed as right thumb thenar sprain, carpal tunnel syndrome, lesion of radial nerve, right upper limb. A workers' compensation claim has been filed on Plaintiff's behalf.

8. Due to her injury, Plaintiff had limited use of her right arm and she was required to wear a brace. Despite her work restrictions, Plaintiff continued performing her essential job duties to the best of her ability.

9. On or about April 7, 2021, Plaintiff was placed off work by her physician on temporary disability status due to exacerbation of her injury.

10. Plaintiff underwent a surgical procedure on or about February 8, 2022.

11. Following surgery, Plaintiff remained off work on temporary disability status.

12. Plaintiff was anxious to return to work due to lack of income. However, Plaintiff had been informed by District Manager, Alena Pifer ("Pifer"), that she had to be "100%" in order to return. Again, prior to going out on leave, Plaintiff had been able to accomplish her essential job duties, despite her aforesaid work restrictions. On or about March 18, 2022, Plaintiff told her physician that she wished to attempt to return to her job at ANDERSON, but that she was required by her employer to be "100%". Thus, in an effort to assist Plaintiff, and taking into consideration that Pifer and ANDERSON would not accommodate Plaintiff, her doctor, Jared A. Niska, M.D. ("Dr. Niska"), wrote a "return to normal duty" work note, effective March 29, 2022, albeit on a trial basis. The note also states, "Not yet P&S/MMI." A copy of Dr. Niska's return-to-work note was duly forwarded to Pifer.

13. After forwarding the return-to-work note, Plaintiff kept calling Pifer about returning to her job. Finally, on or about March 30, 2022, Pifer informed Plaintiff that she was being suspended and placed on leave on the pretext that she had "broken the California discrimination law - spoken to employees while off work - allowed an employee to work off the clock." No additional explanation was proffered by Pifer at that time.

14. Plaintiff was thereafter contacted by the company investigator, Lucy Conner ("Conner"), who informed Plaintiff that the suspension was primarily based upon a purported incident of "discrimination" that had taken place a year prior, on or about April 12, 2021, involving another employee "Joe," who was in the process of transgendering from female to male.

///

1    15.    Plaintiff was utterly astonished and taken aback, as she had absolutely no idea
2  what Conner was referring to.  Plaintiff had obtained a job with ANDERSON for Joe, who was a
3  family friend.  Plaintiff had also been Joe's trainer during the tenure of Joe's employment with
4  ANDERSON.  Plaintiff had not been written up, nor had she been reprimanded in any manner
5  for this alleged incident with Joe that Conner told Plaintiff had taken place nearly 1 year ago.

6    16.    Plaintiff was thereafter terminated, effective April 18, 2022, on the aforesaid
7  pretextual grounds.

8    17.    Plaintiff contends that the termination of her employment by ANDERSON was
9  motivated by her disabling condition, her need for accommodation, as well as the fact of Plaintiff
10  having filed and pursued a workers' compensation claim.  Said disparate treatment is thus in
11  retaliation for Plaintiff having requested accommodation and for having engaged in the protected
12  activity of asserting rights pursuant to the FEHA.

**FIRST CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDERSON MERCHANDISERS, LLC;**

**RETAIL EXECUTION WEST, LLC;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**DISABILITY DISCRIMINATION**

**[Government Code §§12940, *et seq.*]**

21    18.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 17, as if set
22  forth in full herein.
23    19.    At all times herein mentioned, Government Code §§12940 *et seq.*, were in full
24  force and effect and were binding on ANDERSON.  These sections require ANDERSON to
25  refrain from discriminating against a disabled employee.
26  / / /
27  / / /
28  / / /

4
**COMPLAINT FOR DAMAGES**

20. Plaintiff has been subjected to adverse employment actions by ANDERSON because of her disabling condition. Said acts and conduct of ANDERSON, as have been more fully set forth above, were on the basis of Plaintiff's disability, or on account of the fact that Plaintiff is being regarded as disabled, or on account of the fact that Plaintiff has a record of a disability. Further, any ANDERSON "100% healed" or "fully healed" policy, or policy limiting extended medical leave for disabled employees, or policy limiting length of accommodations, or policy prohibiting reinstatement, or policy placing disabled employees on medical leave as a purported accommodation, or policy mandating termination on account of Plaintiff's disabling condition, has a disparate impact on disabled employees, such as the Plaintiff, and thus, constitutes a continuing violation of Government Code §§12940 *et seq*.

21. The unlawful employment practices on the part of Defendants ANDERSON have been a substantial factor in causing damages and injuries to Plaintiff, as set forth below.

22. Administrative charges have been filed on Plaintiff's behalf with the California Department of Fair Employment and Housing (DFEH), pursuant to Section 12960 of the Government Code, on May 26, 2022, substantially alleging the acts and conduct as herein above described. DFEH issued a "Right to Sue" notice on May 26, 2022. (True and correct copies of same are attached hereto as Exhibits "1" through "2," respectively).

23. As a result of the aforesaid unlawful acts of said Defendants, and each of them, Plaintiff has lost, and will continue to lose, income and benefits in an amount to be proven at time of trial. Plaintiff claims such amount as damages, together with prejudgment interest, pursuant to Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

24. As a result of the aforesaid unlawful acts of said Defendants, and each of them, Plaintiff was personally humiliated and has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at time of trial.

///

///

25. As a further result of the said acts of said Defendants, and each of them, Plaintiff has been required to employ medical practitioners and physicians to examine, treat, and care for Plaintiff and has incurred medical and incidental expenses, which will be shown according to proof.

26. The acts of Defendants ANDERSON, and each of them, as hereinabove alleged, were carried out by supervisors, managers, officers, and/or directors of ANDERSON and were directed and/or ratified by ANDERSON, and each of them, with a conscious disregard of Plaintiff's rights, such as to constitute oppression, fraud, or malice under California Civil Code §3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS ANDERSON MERCHANDISERS, LLC;
## RETAIL EXECUTION WEST, LLC;
## AND DOES 1 THROUGH 40, AND EACH OF THEM
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### [Government Code §12940(m)]

27. Plaintiff incorporates the allegations set forth in paragraphs 18 through 26, as if set forth in full herein.

28. During the period of Plaintiff's employment with ANDERSON, Government Code §12926.1(a),(e) and §12940(m), were in full force and effect and were binding on said Defendants. These subsections impose a continuing, mandatory duty upon employers to make reasonable accommodations for the known disabilities of an employee, so as to allow a disabled employee to continue and/or resume working.

29. As alleged above, ANDERSON has violated these subsections by failing to provide a reasonable accommodation for Plaintiff.

/ / /

30. The unlawful employment practices on the part of Defendants ANDERSON have been a substantial factor in causing those damages and injuries to Plaintiff, as set forth by reallegation of paragraphs 23 through 26 (in paragraph 27).

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS ANDERSON MERCHANDISERS, LLC;
## RETAIL EXECUTION WEST, LLC;
## AND DOES 1 THROUGH 40, AND EACH OF THEM
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
## [Government Code §12940(n)]

31. Plaintiff incorporates the allegations set forth in paragraphs 18 through 26 and paragraphs 28 through 29, as if set forth in full herein.

32. During the period of Plaintiff's employment with ANDERSON, Government Code §12926.1(a),(e) and §12940(n) were in full force and effect and were binding on said Defendants. These subsections impose a continuing, mandatory duty upon employers to engage in a timely, good faith interactive process to determine effective reasonable accommodations for a disabled employee.

33. As alleged above, ANDERSON has violated these subsections by failing to engage in a meaningful and continuing interactive process in order to determine, initiate, and establish a reasonable accommodation for the Plaintiff in order to return her to an employment position.

34. The unlawful employment practices on the part of Defendants ANDERSON have been a substantial factor in causing those damages and injuries to Plaintiff, as set forth by reallegation of paragraphs 23 through 26 (in paragraph 31).

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDERSON MERCHANDISERS, LLC;**

**RETAIL EXECUTION WEST, LLC;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**FAILURE TO MAINTAIN A DISCRIMINATION FREE ENVIRONMENT**

**[Government Code §12940(k)]**

35. Plaintiff incorporates the allegations set forth in paragraphs 18 through 26, paragraphs 28 through 29, and paragraphs 32 through 33, as if set forth in full herein.

36. At all times herein mentioned, Government Code §12940(k) was in full force and effect and was binding on ANDERSON. This section requires said Defendants to take the necessary steps to provide a work environment free from discrimination.

37. As alleged above, ANDERSON violated this subsection by failing to take all reasonable steps necessary to prevent discrimination from occurring against the Plaintiff.

38. As a direct and proximate result of the conduct of said Defendants, as aforesaid, Plaintiff has suffered those injuries and damages set forth by reallegation of paragraphs 23 through 26 (in paragraph 35).

**FIFTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ANDERSON MERCHANDISERS, LLC;**

**RETAIL EXECUTION WEST, LLC;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**RETALIATION**

**[Government Code §12940(h)]**

39. Plaintiff incorporates the allegations set forth in paragraphs 18 through 26, paragraphs 28 through 29, paragraphs 32 through 33, and paragraphs 36 through 37, as if set forth in full herein.

40. At all times herein mentioned, Government Code §12940(h) was in full force and effect and was binding on ANDERSON. This section requires said Defendants to refrain from retaliating against an employee for having requested accommodations and for having engaged in an activity that is protected under the FEHA.

41. Plaintiff alleges that the aforesaid acts and conduct of said Defendants toward Plaintiff constituted significant, adverse employment actions, which were in retaliation for, and were motivated by, Plaintiff having engaged in the protected activity of requesting accommodations and exercising and asserting FEHA protected rights as a "disabled" individual.

42. The aforesaid actions and conduct of ANDERSON thereby constituted Retaliation toward Plaintiff and were in violation of California Government Code §12940(h).

43. As a direct and proximate result of the conduct of said Defendants, as aforesaid, Plaintiff has suffered those injuries and damages set forth by reallegation of paragraphs 23 through 26 (in paragraph 39).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants ANDERSON MERCHANDISERS, LLC; RETAIL EXECUTION WEST, LLC; and DOES 1 through 40, and each of them, on all Causes of Action for:

1. All medical expenses, actual, consequential, and incidental losses including, but not limited to, loss of income and benefits, according to proof, together with prejudgment interest, pursuant to Civil Code §3287 and/or §3288;

2. General damages for emotional distress and mental suffering in a sum according to proof;

3. Exemplary and punitive damages in a sum appropriate to punish Defendants and set an example for others;

4. Attorneys' fees, per Government Code §12965(b), and costs of suit;

///

5. Such other and further relief as the Court may deem proper.

Dated: June 7, 2022

LAW OFFICES OF KEVIN C. BOYLE

/s/ *Kevin C. Boyle*
KEVIN C. BOYLE
Attorneys for Plaintiff,
MICHELLE HUDSON

# EXHIBIT 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Michelle Hudson                                          DFEH No. 202205-17114526

                       Complainant,

vs.

Anderson Merchandisers, LLC
471 Carl Boyer Dr.
Santa Clarita, CA 91350

Retail Execution West, LLC
471 Carl Boyer Dr.
Santa Clarita, CA 91350

                       Respondents
_____

**1.** Respondent **Anderson Merchandisers, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Retail Execution West, LLC** business as Co-Respondent(s).

**3**. Complainant **Michelle Hudson**, resides in the City of **Calabasas,** State of **CA.**

**4**. Complainant alleges that on or about **April 18, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

Date Filed: May 26, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Additional Complaint Details:** Plaintiff had been employed by Defendants ANDERSON as a Territory Sales Lead since 2017. Plaintiff has been subjected to discrimination by Defendants, as will be more fully described below.

During her tenure at ANDERSON, Plaintiff received accolades, commendations, and exemplary performance ratings. Plaintiff was recognized by management and by her co-employees for her professionalism, excellent job performance, competency, integrity, work ethic, and knowledge. Thus, Plaintiff had a significant period of wholly satisfactory, competent, and diligent performance to the profit of ANDERSON.

Plaintiff became a "disabled" individual as a result of work related injuries to her right arm and hand that occurred on or about March 18, 2021. Plaintiff's injuries have been diagnosed as right thumb thenar sprain, carpal tunnel syndrome, lesion of radial nerve, right upper limb. A workers' compensation claim has been filed on Plaintiff's behalf.

Due to her injury, Plaintiff had limited use of her right arm and she was required to wear a brace. Despite her work restrictions, Plaintiff continued performing her essential job duties to the best of her ability.

On or about April 7, 2021, Plaintiff was placed off work by her physician on temporary disability status due to exacerbation of her injury.

Plaintiff underwent a surgical procedure on or about February 8, 2022.

Following surgery, Plaintiff remained off work on temporary disability status.

Plaintiff was anxious to return to work due to lack of income. However, Plaintiff had been informed by District Manager, Alena Pifer ("Pifer"), that she had to be "100%" in order to return. Again, prior to going out on leave, Plaintiff had been able to accomplish her essential job duties, despite her aforesaid work restrictions. On or about March 18, 2022, Plaintiff told her physician that she wished to attempt to return to her job at ANDERSON, but that she was required by her employer to be "100%". Thus, in an effort to assist Plaintiff, and taking into consideration that Pifer and ANDERSON would not accommodate Plaintiff, her doctor, Jared A. Niska, M.D. ("Dr. Niska"), wrote a "return to normal duty" work note, effective March 29, 2022, albeit on a trial basis. The note also states, "Not yet P&S/MMI." A copy of Dr. Niska's return-to-work note was duly forwarded to Pifer.

After forwarding the return-to-work note, Plaintiff kept calling Pifer about returning to her job. Finally, on or about March 30, 2022, Pifer informed Plaintiff that she was being suspended and placed on leave on the pretext that she had "broken the California discrimination law - spoken to employees while off work - allowed an employee to work off the clock." No additional explanation was proffered by Pifer at that time.

Plaintiff was thereafter contacted by the company investigator, Lucy Conner ("Conner"), who informed Plaintiff that the suspension was primarily based upon a purported incident of "discrimination" that had taken place a year prior, on or about April 12, 2021, involving another employee "Joe," who was in the process of transgendering from female to male. Plaintiff was utterly astonished and taken aback, as she had absolutely no idea what Conner was referring to. Plaintiff had obtained a job with ANDERSON for Joe, who was a family friend. Plaintiff had also been Joe's trainer during the tenure of Joe's employment with ANDERSON. Plaintiff had not been written up, nor had she been reprimanded in any manner for this alleged incident with Joe that Conner told Plaintiff had taken place nearly 1 year ago.

-2-
*Complaint – DFEH No. 202205-17114526*

Date Filed: May 26, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  Plaintiff was thereafter terminated, effective April 18, 2022, on the aforesaid pretextual grounds.
2  Plaintiff contends that the termination of her employment by ANDERSON was motivated by her disabling condition, her need for accommodation, as well as the fact of Plaintiff having
3  filed and pursued a workers' compensation claim. Said disparate treatment is thus in retaliation for Plaintiff having requested accommodation and for having engaged in the
4  protected activity of asserting rights pursuant to the FEHA.

-3-
*Complaint – DFEH No. 202205-17114526*

Date Filed: May 26, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Kevin C. Boyle**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4
5  On May 26, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6                                                                                              **Calabasas, CA**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                            -4-
                          *Complaint – DFEH No. 202205-17114526*
27
   Date Filed: May 26, 2022
28

                                                           Form DFEH-ENF 80 RS (Revised 02/22)

EXHIBIT 2

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**        KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 26, 2022

Michelle Hudson
c/o Law Offices of Kevin C. Boyle, 24007 Ventura Blvd. #124
Calabasas, CA 91302

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202205-17114526
        Right to Sue: Hudson / Anderson Merchandisers, LLC et al.

Dear Michelle Hudson:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 26, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)